**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| 6344 LEGEND FALLS TRUST, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:22-cv-01023-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| NATIONAL DEFAULT SERVICING ) | |
| CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Pending before the Court are the parties' Responses, (ECF Nos. 13 & 18), to the Court's Order to Show Cause ("OSC"), (ECF No. 10), as to why the Court should not remand this action for failure to satisfy the jurisdictional requirements under 28 U.S.C. § 1332.

For the reasons discussed below, the Court is tentatively satisfied that it has subject matter jurisdiction over this case.

**I.  BACKGROUND**

This case arises from a property dispute regarding wrongful foreclosure between Plaintiff 6344 Legend Falls Trust ("Plaintiff") and Defendants National Default Servicing Corporation ("NDSC"), *et al.* (collectively, "Defendants"). (*See generally* Pet. Removal, ECF No. 1).  The parties provided a detailed review of the facts and procedural history of this case in their Responses to the Court's OSC. (*See* Def.'s Resp. 2:2–3:13, ECF No. 13); (Pl.'s Resp. 1:20–2:5, ECF No. 18).  To that end, on July 12, 2022, the OSC directed the parties to show cause as to why the Court should not remand this case for failure to satisfy the § 1332 jurisdictional requirements. (*See* OSC, ECF No. 10).  The parties filed their respective Responses. (*See generally* Def.'s Resp.); (Pl.'s Resp.).  The Court now addresses whether subject matter jurisdiction exists.

## II. LEGAL STANDARD

Courts may raise the issue of subject matter jurisdiction, *sua sponte*, at any point in the life of a case. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Generally, district courts have subject matter jurisdiction over civil actions in which: (1) the claims arise under federal law; or (2) where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331, 1332(a).

A civil action brought in state court may be removed to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). The defendant asserting the removal must prove it is proper, and there is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

## III. DISCUSSION

Defendants argue subject matter jurisdiction exists because Plaintiff fraudulently joined Defendants NDSC and Nevada Legal News, LLC ("NLN"). (*See* Def.'s Resp. 3:15–10:5). Specifically, Defendants assert Plaintiff does not allege viable causes of action against Defendants NDSC and NLN. (*See* Def.'s Resp. 4:3–9). Plaintiff contends the Court does not have jurisdiction because Plaintiff shares Arizona citizenship with Defendant NDSC and Plaintiff shares Nevada citizenship with NLN. (Pl.'s Resp. 3:24–8:2).

The Ninth Circuit recognizes "two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of

action against the non-diverse party in state court.'" *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citation omitted). "Rather than focusing on the 'mental state' of the plaintiff, the fraudulent joinder inquiry focuses on the validity of the legal theory being asserted against the non-diverse defendant." *Davis v. Prentiss Properties Ltd., Inc.*, 66 F. Supp. 2d 1112, 1114 (C.D. Cal. 1999). Further, the Court "must consider the merits of a matter without assuming jurisdiction over it." *See id.*; *see also B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 554 (5th Cir. 1981) (stating the Court must not "lose sight of the important questions of federal jurisdiction" implicated in fraudulent joinder cases).

In fraudulent joinder determinations, "[d]efendants alleging a fraudulent joinder are permitted to make a showing of facts indicating fraudulent joinder." *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 996 (D. Nev. 2005) (citing Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998)); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) ("[f]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence"). However, though courts may look to a showing of facts in conducting a fraudulent joinder analysis, the burden on the defendant to prove fraudulent joinder is higher than the burden required for Rule 56 summary judgment or even Rule 12(b)(6) dismissal. *See Morris*, 236 F.3d at 1067 ("Joinder of a non-diverse defendant is deemed fraudulent . . . if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."); *Davis*, 66 F. Supp. 2d at 1115 ("[S]ome room must exist between the standard for dismissal under Rule 12(b)(6) . . . and a finding of fraudulent joinder. A court's Rule 12(b)(6) inquiry is whether the complaint states a cognizable legal theory. To constitute fraudulent joinder, the non-diverse claim must not only be unsuccessful, it must be untenable *ab initio*.") (citations omitted).

Here, without deciding conclusively, Defendants may meet their burden of showing Plaintiff fraudulently joined Defendants NDSC and NLN. Plaintiff has alleged claims of quiet title, declaratory judgment, injunctive relief, and wrongful foreclosure against Defendants NDSC and NLN.[1] (*See* Compl. ¶¶ 10–31, Ex. A to Pet. Removal, ECF No. 1-1). First, the Court tentatively agrees with Defendants' assertion that Plaintiff does not provide factual allegations that Defendants NDSC and NLN have an interest in the property in question to support its quiet title claim. (Def.'s Resp. 5:15–6:4). Plaintiff does not address this argument in its Response to the OSC. (*See generally* Pl.'s Resp.). Second, the Court also tentatively agrees that Plaintiff's declaratory relief claim may be unsupported by law. (*See* Def.'s Resp. 6:5–9:2). Plaintiff, again, does not address this argument. (*See generally* Pl.'s Resp.). Third, injunctive relief cannot be brought as an independent claim, but can only be sought as a remedy. *See Martin v. Bank of America*, No. 2:15-cv-0372-GMN-PAL, 2016 WL 70456, at *3 (D. Nev. Jan. 6, 2016) ("It is well established that injunctive relief and declaratory relief are remedies rather than independent claims for relief."). Finally, the Court tentatively agrees that Plaintiff may not have standing to bring its wrongful foreclosure sale because a foreclosure sale has not taken place. (*See* Def.'s Resp. 4:10–5:11); (Compl. ¶ 30) ("To the extent Defendants proceed with a foreclosure sale . . . ."). Once more, Plaintiff does not address this argument. (*See generally* Pl.'s Resp.). Thus, the Court tentatively agrees that Plaintiff may be unable to establish a cause of action against Defendants NDSC or NLN. As a result, if Defendants NDSC and NLN are no longer parties to the case, complete diversity would likely exist. *See* 28 U.S.C. § 1332.

---

[1] The Court does not consider Plaintiff's Amended Complaint in its analysis as it can only consider the papers filed at the time of removal. *See Harris v. Verizon Commc'ns*, Inc., 84 F. App'x 958, 959 (9th Cir. 2003) ("We evaluate subject matter jurisdiction over the complaint as it stood at the time of removal, and disregard any subsequent amendments.")

Accordingly, without deciding conclusively, the Court is satisfied that subject matter jurisdiction exists.[2]

### IV. CONCLUSION

The Court is tentatively satisfied that subject matter jurisdiction exists.

**IT IS HEREBY ORDERED** that the Motion to Stay Case, (ECF No. 19), is **DENIED as moot**.[3]

**IT IS FURTHER ORDERED** that the Motion to Shorten Time, (ECF No. 20), is **DENIED as moot**.[4]

**DATED** this __12__ day of August, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[2] The Court notes that it is satisfied with Defendant's showing that subject matter jurisdiction exists for the purposes of responding to the Order to Show Cause. However, the Court is not conclusively deciding the issue of fraudulent joinder. Further, this Order does not impinge on Plaintiff's ability to file a Motion to Remand if it so wishes.

[3] Plaintiff filed the Motion to Stay Case, (ECF No. 19), pending the Court's ruling on the Order to Show Cause, (ECF No. 10). (*See* Mot. Stay Case 8:2–16, ECF No. 19). As the Court has tentatively ruled on the issue raised in its Order to Show Cause, the Motion to Stay Case is moot.

[4] Plaintiff filed the Motion to Shorten Time, (ECF No. 20), pending the Court's ruling on the Order to Show Cause, (ECF No. 10). (*See* Mot. Shorten Time 8:2–16, ECF No. 20). As the Court has tentatively ruled on the issue raised in its Order to Show Cause, the Motion to Shorten Time is moot.