**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

6344 LEGEND FALLS TRUST,

Plaintiff,

vs.

NATIONAL DEFAULT SERVICING CORPORATION, *et al.*,

Defendants.

Case No.: 2:22-cv-01023-GMN-NJK

**ORDER GRANTING MOTION TO ALTER OR AMEND**

Pending before the Court is the Motion to Alter or Amend Order, (ECF No. 62), filed by Plaintiff 6344 Legend Falls Trust. Defendant Specialized Loan Servicing LLC ("SLS") filed a Response, (ECF No. 63), which Defendant National Default Servicing Corporation joined, (ECF No. 64). Plaintiff filed a Reply, (ECF No. 65). Also pending before the Court is the Motion for Leave to File Document filed by Defendant SLS, (ECF No. 66), to which Plaintiff filed a Response, (ECF No. 67), and Defendant SLS filed a Reply, (ECF No. 68).[1]

For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to Alter or Amend. The Court amends its underlying Order, (ECF No. 61), to the extent it dismissed Plaintiff's NRS 106.240 claim based on claim preclusion. However, because the Court dismisses Plaintiff's NRS 106.240 claim on other grounds, Defendant's Motion to Dismiss, (ECF No. 15), is again GRANTED, and this case shall remain closed.

---

[1] Defendant's Motion for Leave to File a Notice of Supplemental Authority is based on a decision issued by the Nevada Supreme Court after the close of briefing: *LV Debt Collect, LLC v. Bank of New York Mellon*, 534 P.3d 693 (Nev. 2023). Defendant claims that the *LV Debt* decision supports its position that neither a notice of default, nor a bankruptcy petition, can trigger the ten-year period in NRS 106.240. (Mot. Leave 2:1–6, ECF No. 66). Plaintiff does not oppose the motion, but states that the *LV Debt* decision supports *its* position, not Defendant's. (Resp. to Mot. Leave 2:2–9, ECF No. 67). Plaintiff "requests an opportunity to address *LV Debt* for itself," but the Court finds additional briefing to be unnecessary to resolve this Motion. For good cause appearing, the Court GRANTS Defendant's Motion for Leave, (ECF No. 66).

# I. BACKGROUND

This matter arises from foreclosure proceedings on the property located at 6344 Legend Falls Street, North Las Vegas, Nevada 89101. (Mot. Dismiss 2:17–18, ECF No. 15). Plaintiff purchased the property at a foreclosure sale in 2013. (State Court Findings ¶ 10, Ex. G to Mot. Dismiss, ECF No. 15-7). This Court's previous Order Granting Defendant's Motion to Dismiss and Motion to Expunge Lis Pendens contains the relevant factual background of this case, and the Court incorporates that background here. (Order 1:23–4:21, ECF No. 61). The Court's previous Order also denied Plaintiff's Motion to Remand, denied the Motions for Summary Judgment as moot, and closed the case. (*Id.* 16:11–18). Shortly thereafter, Plaintiff filed the instant Motion to Alter or Amend.

# II. LEGAL STANDARD

## A. Motion to Alter or Amend

A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the district court enjoys considerable discretion in granting or denying the motion. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) the amendment is justified by intervening change in controlling law." *Id.* A motion to amend judgment is not a vehicle permitting an unsuccessful party to reiterate arguments previously presented. *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989). Further, a "Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could

reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

**B. Motion to Dismiss**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**III. <u>DISCUSSION</u>**

Plaintiff moves the Court to reconsider and amend its previous Order dismissing Plaintiff's NRS 106.240 claim. (*See generally* Mot. Alter or Amend).[2] The parties correctly point out that the Court erred by applying claim preclusion to Plaintiff's NRS 106.240 claim. In their Motion to Dismiss, Defendants did not move to dismiss Plaintiff's NRS 106.240 claim based on claim preclusion, but for other reasons unaddressed by the Court. Plaintiff also argues that the Court erred by closing the case because the Order did not address Plaintiff's NRS 107.200 *et seq*. claim, and Defendants did not move to dismiss it. Because the Court's previous

---

[2] Plaintiff's Motion to Alter or Amend further moved the Court to reconsider its NRS 104 claim but withdrew that argument in its Reply after Defendant pointed out that Plaintiff had voluntarily dismissed its NRS 104 claim. (*See* Reply 2:17-3:2, ECF No. 65).

decision to dismiss Plaintiff's NRS 106.240 claim based on claim preclusion was in error, the Court GRANTS Plaintiff's Motion to Alter/Amend. The Court will thus reevaluate whether Plaintiff's NRS 106.240 claim should be dismissed for the reasons Defendants raised in their Motion to Dismiss, and then determine whether the Court clearly erred by closing the case without addressing Plaintiff's alleged claim for a violation of NRS 107.200 *et seq*.

**A. NRS 106.240**

NRS 106.240 explains how liens on property are cleared from the public record. Specifically, it "provides that 10 years after the debt secured by the lien has become 'wholly due' and has remained unpaid, 'it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.'" *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 507 P.3d 194, 195 (Nev. 2022). Thus, "NRS 106.240 operates to extinguish any debt upon real property secured by a deed of trust ten years after the debt becomes due unless an extension is written and recorded." *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1076 (Nev. 2001). During the financial crisis of the early 2000s, some Nevada homeowners defaulted on their home loans and lenders recorded notices of default. *SFR Invs. Pool 1*, 507 P.3d at 196. Now, more than two decades later, disputes are arising over whether NRS 106.240 extinguishes the deeds of trust securing those home loans, "such that the lenders no longer have any security interest in the properties." *Id.*

Plaintiff's NRS 106.240 claim hinges on its argument that the full amount of the home loan became due on or about February 1, 2010, when the original borrower defaulted, or on January 25, 2011, when the original borrower filed their bankruptcy petition. (First Am. Compl. ¶ 5, ECF No. 12). Plaintiff argues that starting from either of those dates, the ten-year time period has expired, and "the deed of trust has been expunged and/or discharged as a matter of law pursuant to NRS 106.240." (*Id.* ¶ 6).

**1. Notice of Default**

The Nevada Supreme Court's decision in *LDG Golf, Inc. v. Bank of Am., N.A.* directly addresses the relevance of the 2010 Notice of Default relied on by Plaintiff in this case. 518 P.3d 483 (Nev. 2022) (unpublished table decision). *LDG Golf* concerned a similar quiet title action "premised on NRS 106.240's 10-year limitations period" and the allegation that a Notice of Default triggers the 10-year period. *Id.* at *1. The Nevada Supreme Court concluded that the "Notice of Default was not 'so clear and unequivocal' as to 'leave [ ] no doubt as to [respondent's predecessor's] intention'" because the Notice of Default contained conflicting language:

> [A]lthough the 2009 Notice of Default stated that respondent's predecessor 'does hereby declare all sums secured [by the deed of trust] immediately due and payable,' the Notice also provided that the former homeowners could cure the default "upon the Payment of the amounts required by [NRS 107.080] without requiring payment of that portion of the principal and interest which would not be due had no default occurred."

*Id.* As a result, the Nevada Supreme Court concluded that the Notice of Default did not trigger NRS 106.240's ten-year period.

This conclusion was reaffirmed in a more recent Nevada Supreme Court decision, *LV Debt Collect*. The 2008 Notice of Default in that case contained the same language found to be conflicting in *LDG Golf*. 534 P.3d at 699. The Supreme Court held that the Notice of Default did not cause the debt to become wholly due because (1) the Notice of Default was "not identified in NRS 106.240 as a document that can render a secured loan 'wholly due' for purposes of triggering the statute's 10-year time frame," (2) Nevada law requires a cure period, and (3) the Notice of Default contained language, noted above, that was not sufficiently clear and unequivocal. *Id.*

Plaintiff's Response, filed a few months before the *LDG Golf* decision, relies on *SFR Investments Pool 1* for the proposition that a recorded notice of default necessarily makes the

loan "wholly due" for purposes of NRS 106.240. 507 P.3d at 195–96; (Resp to Mot. Dismiss, 7:1–16). But the *LDG Golf* decision makes clear that *SFR Investments Pool* "was not intended to be an across-the-board holding that recording a Notice of Default is always effective to accelerate a loan." *LDG Golf*, 518 P.3d at *2. Neither Plaintiff's Motion to Alter or Amend nor its Reply Brief address *LDG Golf;* nor does Plaintiffargue why the Court should not apply its holding here.

The 2010 Notice of Default here contains the exact same language that the Nevada Supreme Court determined did not trigger NRS 106.240. Specifically, it provides that former homeowners could cure the default "upon the payment of the amounts required by [NRS 107.080] without requiring payment of that portion of principal and interest which would not be due had no default occurred." (Not. Default at 3, Ex. C to Mot. Dismiss, ECF No. 15-3). The 2010 Notice of Default was also followed by a Notice of Recission in July 2011. (Notice of Recission, Ex. D to MTD, ECF No. 15-4). Because the Notice of Default in this case contains identical language to the Notice in *LDG Golf*, and because it was followed by a Notice of Recission, the Court finds that the 2010 Notice of Default did not cause the loan amount to become "wholly due."[3]

**2. Bankruptcy Petition**

Plaintiff also alleges that the original borrower's bankruptcy petition, which led to a bankruptcy discharge, made the loan "wholly due." (First Am. Compl. ¶ 5); (Resp. to Mot. Dismiss 7:18–20, ECF No. 22). Plaintiff explained that whether a bankruptcy discharge caused a debt to become "wholly due" under NRS 106.240 would soon be decided by the Nevada Supreme Court in *West Coast Servicing, Inc. v. Kassler*. (*Id.* 8:11–26). Contrary to Plaintiff's

---

[3] The "Notice of Rescission undid any acceleration of the debt by withdrawing the Notice of Default and Election to Sell." *7321 Wandering St. Tr. v. New Residential Mortg. Loan Tr. 2020-NPL2*, No. 22-15526, 2023 WL 6478891, at *1 (9th Cir. Oct. 5, 2023); *see also SFR Invs. Pool 1*, LLC, 507 P.3d at 198 (rejecting an argument that a loan remains wholly due after the rescission of a notice of default that accelerated the loan).

prediction, however, the Nevada Supreme Court held that a bankruptcy discharge does *not* make a secured loan "wholly due" under NRS 106.240. *W. Coast Servicing, Inc. v. Kassler*, 531 P.3d 81, 2023 WL 2047073, at *1 (Nev. June 16, 2023) (unpublished table decision). The Nevada Supreme Court noted that only the deed of trust, along with any recorded extension, determined when a loan becomes "wholly due." *Id.* at *1. Plaintiff has not identified a provision in the Deed of Trust to indicate that the borrower's bankruptcy discharge automatically triggered the ten-year countdown. And to the extent that Plaintiff argues the petition, not the discharge order, triggers the ten-year time frame, Plaintiff cites no case law demonstrating that the distinction is relevant. The Court thus rejects Plaintiff's premise that the original borrower's bankruptcy petition or discharge triggers the ten-year countdown under NRS 106.240.

Plaintiff's Motion to Amend or Alter makes no mention of the holding in *Kassler*, and its only argument as to why its NRS 106.240 claim should not be dismissed is that the Court must take all factual allegation in its Complaint as true. But this dismissal is not based on a factual dispute; rather, the Court finds that dismissal of Plaintiff's NRS 106.240 claim is warranted as matter of law based on recent Nevada Supreme Court decisions. Because amendment would be futile, Plaintiff's NRS 106.240 is dismissed with prejudice.

**B. NRS 107.200 *et seq.***

Plaintiff next argues that the Court should alter or amend its previous Order because the Court did not address Plaintiff's NRS 107.200 *et seq.* declaratory judgment claim "as to the correct amount necessary to satisfy and release the deed of trust." (Mot. Alter or Amend 2:21–25); (Reply to Mot. Alter or Amend 4:9–18, ECF No. 65). Plaintiff argues that Defendant's loan total incorrectly "included amounts that could not be accrued by virtue of the original borrower's bankruptcy petition." (*Id.*).

The Court does not find that it clearly erred by failing to address an alleged violation of NRS 107.200 *et seq.* because Plaintiff did not allege such a claim in its Complaint. None of Plaintiff's enumerated claims for relief state a violation of NRS 107.200 *et seq*. The only mention of NRS 107.200 is under the "Parties" section of the Complaint, where Plaintiff states that SLS violated NRS 107.200 by failing to provide information mandated by the statue. Even so, Plaintiff does not actually bring a claim for this violation. Plaintiff seems to know that it did not bring a claim for a violation of NRS 107.200 because it instead argues that its alleged violation of NRS 107.200 was included in its declaratory judgment claim. But Plaintiff's declaratory judgment claim makes only a vague statement that "Defendants and/or their assignees and/or successors in interest have failed to comply with the applicable provisions of NRS Chapter 107" without stating which section of Chapter 107 it is referring to.

Plaintiff appears to ask the Court to determine the correct balance of the loan. But NRS 107.200 only requires a statement to be sent containing the unpaid loan balance, and relief for violations is in the form of a $300 penalty. NRS 107.300. Plaintiff does not link the allegation of an incorrect loan amount to an alleged violation of NRS 107.200, which requires that the beneficiary of a deed of trust provide a statement including the debt balance to authorized persons under NRS 107.220. Thus, the Court did not clearly err by failing to address the NRS 107.200 et seq. claim, because Plaintiff did not allege such claim.

///

///

///

///

**IV. CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion Alter or Amend Order, (ECF No. 62), is **GRANTED.** Because the Court dismisses Plaintiff's NRS 106.240 claim, Defendant's Motion to Dismiss, (ECF No. 15), is again **GRANTED**, and this case shall remain closed.

**IT IS FURTHER ORDERED** that Defendant SLS's Motion for Leave to File Document, (ECF No. 66) is **GRANTED**.

**DATED** this __21__ day of March 2024.

Gloria M. Navarro, District Judge
United States District Court